IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Andre Valentine, | ) | C/A No.: 1:13-2627-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Ali Management, doing business as | ) | |
| Sunoco; Nadeem Sheikh; Shahid Zamir, | ) | |
| as agent of the Defendants; SC Aiken, | ) | |
| Inc.; SC Sumter Broad, Inc.; SC Sumter | ) | |
| Guignard, Inc.; SC Georgetown, Inc.; | ) | |
| and Aliya Sheikh, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the motion for partial summary judgment of

defendants Ali Management, d/b/a as Sunoco; Nadeem Sheikh; SC Sumter Broad, Inc.;

SC Sumter Guignard, Inc.; SC Georgetown, Inc.; and Aliya Sheikh (collectively "Moving

Defendants"). [ECF No. 66]. Although the motion lists several grounds, it provides no

evidence in support of these grounds. The motion also lacks a memorandum of law, as

required by Local Civ. Rule 7.04 (D.S.C.). On December 11, 2014, the undersigned

issued a text order stating as follows:

> Counsel are reminded of the requirements for filing a motion for summary
> judgment in federal court. In addition to Fed. R. Civ. P. 56, counsel are
> directed to Local Civ. Rule 7.04 (D.S.C.) (requiring a memorandum to
> accompany motions, absent an exception) and Local Civ. Rule 7.05
> (D.S.C.) (detailing the form and content of memoranda). It appears that
> Nadeem Sheikh's[1] partial motion for summary judgment is not in

---

[1] Although Moving Defendants include a footnote indicating that the motion is filed by
all Moving Defendants, the docket indicates that the motion is only filed by Nadeem
Sheikh.

compliance with the rules, and the undersigned intends to recommend it be denied for this reason. In the alternative, counsel for Sheikh may withdraw and file a motion that complies with the Federal Rules of Civil Procedure and Local Civ. Rules before the expiration of the dispositive motion deadline.

Motions for summary judgment must identify each claim for which summary judgment is sought. Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must cite to the record for support or show that the record does not establish a genuine dispute of fact. *Id*. at 56(c)(1). Moving Defendants have provided no cites to the record or any law in support of their grounds for summary judgment. [ECF No 66]. Because Moving Defendants' motion fails to establish that there is no genuine dispute of fact pursuant to Rule 56, the undersigned recommends that it be denied without prejudice, but that Moving Defendants be permitted to file a motion in compliance with the Federal Rules of Civil Procedure and Local Civil Rules before the expiration of the dispositive motion deadline.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 6, 2015                                    Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).